| Attorney or Party Name, Address, Telephone & FAX Nos.:, State Bar No. & Email Address<br>Caroline Kim 249190<br>444 West Ocean Blvd. Ste.800<br>Long Beach, CA 90802<br>562-279-7924 Fax: 562-279-7925<br>249190<br><br>☐ *Individual appearing without attorney*<br>☒ *Attorney for:* Debtor | FOR COURT USE ONLY |
|---|---|

**UNITED STATES BANKRUPTCY COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

| List all names (including trade names) used by the debtor within the last 8 years:<br><br>Robert Lifson<br><br>Toni Lee Black<br><br><br>Debtor(s). | CASE NO.:. **2:13-bk-28666**<br>CHAPTER **13**<br><br>**FIRST AMENDED CHAPTER 13 PLAN**<br><br>**CREDITORS MEETING:**<br>Date:<br>Time:<br>Place:<br><br><br>**CONFIRMATION HEARING:**<br>Date:<br>Time:<br>Place: |
|---|---|

## NOTICE

This Chapter 13 Plan is proposed by the above Debtor. The Debtor attests that the information stated in this Plan is accurate. Creditors cannot vote on this Plan. However, creditors may object to this Plan being confirmed pursuant to 11 U.S.C. § 1324. Any objection must be in writing and must be filed with the court and served upon the Debtor, Debtor's attorney (if any), and the chapter 13 trustee not less than 7 days before the date set for the meeting of creditors. Unless an objection is filed and served, the court may confirm this Plan. The Plan, if confirmed, modifies the rights and duties of the Debtor and creditors to the treatment provided in the Plan as confirmed, with the following IMPORTANT EXCEPTIONS:

Unless otherwise provided by law, each creditor will retain its lien until the earlier of payment of the underlying debt determined under non-bankruptcy law or discharge under 11 U.S.C.§1328. If the case under this chapter is dismissed or converted without completion of the Plan, such lien shall also be retained by such holder to the extent recognized by applicable non-bankruptcy law.

Defaults will be cured using the interest rate set forth below in the Plan. Any ongoing obligation will be paid according to the terms of the Plan.

**HOLDERS OF SECURED CLAIMS AND CLASS 1 CLAIMANTS WILL BE PAID ACCORDING TO THIS PLAN AFTER CONFIRMATION UNLESS THE SECURED CREDITOR OR CLASS 1 CLAIMANT FILES A PROOF OF CLAIM IN A DIFFERENT AMOUNT THAN THAT PROVIDED IN THE PLAN.** If a secured creditor or a class 1 creditor files a proof of claim, that creditor will be paid according to that creditor's proof of claim, unless the court orders otherwise.

**HOLDERS OF ALL OTHER CLAIMS MUST TIMELY FILE PROOFS OF CLAIMS, IF THE CODE SO REQUIRES, OR THEY WILL NOT BE PAID ANY AMOUNT.** A Debtor who confirms a Plan may be eligible thereafter to receive a discharge of debts to the extent specified in 11 U.S.C. § 1328.

The Debtor proposes the following Plan and makes the following declarations:

I. **PROPERTY AND FUTURE EARNINGS OR INCOME SUBJECT TO THE SUPERVISION AND CONTROL OF THE CHAPTER 13 TRUSTEE:**

   The Debtor submits the following to the supervision and control of the chapter 13 trustee:

   A. Payments by Debtor of **$1,200.00** per month for **60** months. This monthly Plan Payment will begin within 30 days of the date the petition was filed.

   B. The base plan amount is $ **72,000.00** which is estimated to pay **3** % of the allowed claims of nonpriority unsecured creditors. If that percentage is less than 100%, the Debtor will pay the Plan Payment stated in this Plan for the full term of the Plan or until the base plan amount is paid in full, and the chapter 13 trustee may increase the percentage to be paid to creditors accordingly.

   C. Amounts necessary for the payment of postpetition claims allowed under 11 U.S.C. § 1305.

   D. Preconfirmation adequate protection payments for any creditor who holds an allowed claim secured by personal property where such security interest is attributable to the purchase of such property and preconfirmation payments on leases of personal property whose allowed claim is impaired by the terms proposed in the plan. Preconfirmation adequate protection payments and preconfirmation lease payments will be paid to the chapter 13 trustee for the following creditor(s) in the following amounts:

| Creditor/Lessor Name | Collateral Description | Last 4 Digits of Account # | Amount |
|---|---|---|---|
| -NONE- | | | |

   Each adequate protection payment or preconfirmation lease payment will commence on or before the 30th day from the date of filing of the case. The chapter 13 trustee shall deduct the foregoing adequate protection payment(s) and/or preconfirmation lease payment from the Debtor's Plan Payment and disburse the adequate protection payment or preconfirmation lease payment to the secured(s) creditor(s) at the next available disbursement or as soon as practicable after the payment is received and posted to the chapter 13 trustee's account. The chapter 13 trustee will take his or her statutory fee on all disbursements made for preconfirmation adequate protection payments or preconfirmation lease payments.

   E. Other property: *(specify property or indicate none)*
      **NONE**

This form is mandatory. It has been approved for use in the United States Bankruptcy Court for the Central District of California.

*December 2012*    Page 2    F3015-1.01.CHAPTER13.PLAN

**II. ORDER OF PAYMENTS; CLASSIFICATION AND TREATMENT OF CLAIMS:**
Except as otherwise provided in the Plan or by court order, the chapter 13 trustee shall disburse all available funds for the payment of claims as follows:

A. ORDER OF PAYMENTS:

1. If there are Domestic Support Obligations, the order of priority shall be:

    (a) Domestic Support Obligations and the chapter 13 trustee's fee not exceeding the amount accrued on payments made to date;

    (b) Administrative expenses (Class 1(a)) in an amount not exceeding **100** % of each Plan Payment until paid in full;

2. If there are no Domestic Support Obligations, the order of priority shall be the chapter 13 trustee's fee not exceeding the amount accrued on payments made to date, and administrative expenses (Class 1(a)) in an amount not exceeding **100** % of each Plan Payment until paid in full.

3. Notwithstanding 1 and 2 above, ongoing payments on secured debts that are to be made by the chapter 13 trustee from the Plan Payment; such secured debt may be paid by the chapter 13 trustee commencing with the inception of Plan Payments.

4. Subject to 1, 2, and 3 above, pro rata to all other claims except as otherwise provided in the Plan.

5. No payment shall be made on nonpriority unsecured claims until all secured and priority claims have been paid in full.

This form is mandatory. It has been approved for use in the United States Bankruptcy Court for the Central District of California.

*December 2012*                           Page 3                           F3015-1.01.CHAPTER13.PLAN

B. CLASSIFICATION AND TREATMENT OF CLAIMS:

**CLASS 1**
**ALLOWED UNSECURED CLAIMS ENTITLED TO PRIORITY UNDER 11 U.S.C. §507**

The Debtor will pay Class 1 claims in full; except the debtor may provide for less than full payment of Domestic Support Obligations pursuant to 11 U.S.C. §1322(a)(4).

| CATEGORY | AMOUNT OF PRIORITY CLAIM | INTEREST RATE, if any | MONTHLY PAYMENT | NUMBER OF MONTHS | TOTAL PAYMENT |
|---|---|---|---|---|---|
| a. Administrative Expenses | | | | | |
| (1) Chapter 13 trustee's fee – estimated at **10%** of all payments to be made to all classes through this Plan. | | | | | |
| (2) Attorney's Fees | $1,500.00 | | $500.00 | 3 | $1,500.00 |
| (3) Chapter 7 trustee's fees | | | | | |
| (4) Other | | | | | |
| b. Other Priority Claims | | | | | |
| (1) Internal Revenue Service | | | | | |
| (2) Franchise Tax Board | | | | | |
| (3) Domestic Support Obligation | | | | | |
| (4) Other | | | | | |
| **Franchise Tax Board** | $268.00 | 0% | $6.09 | 44 | $268.00 |
| **IRS** | $27,449.00 | 0% | $623.84 | 44 | $27,449.00 |
| c. Domestic Support Obligations that are not to be paid in full in the Plan (*specify creditor name*): | | | | | |
| | | | | | |

This form is mandatory. It has been approved for use in the United States Bankruptcy Court for the Central District of California.

December 2012          Page 4          F3015-1.01.CHAPTER13.PLAN

## CLASS 2

**CLAIMS SECURED SOLELY BY PROPERTY THAT IS THE DEBTOR'S PRINCIPAL RESIDENCE
ON WHICH OBLIGATION MATURES <u>AFTER</u> THE FINAL PLAN PAYMENT IS DUE**

1. ☐    The postconfirmation monthly mortgage payment will be made by the chapter 13 trustee from the Plan Payment to:

2. ☐    The postconfirmation monthly mortgage payment will be made by the Debtor directly to:

_____        _____
(name of creditor)                                                  (last 4 digits of account number)

_____        _____
(name of creditor)                                                  (last 4 digits of account number)

The Debtor will cure all prepetition arrearages for the primary residence through the Plan Payment as set forth below.

| | | | Cure of Default | | | |
|---|---|---|---|---|---|---|
| Name of Creditor | Last 4 Digits of Account Number | AMOUNT OF ARREARAGE | INTEREST RATE | MONTHLY PAYMENT | NUMBER OF MONTHS | TOTAL PAYMENT |
| | | | | | | |
| | | | | | | |

## CLASS 3

**CLAIMS SECURED BY REAL OR PERSONAL PROPERTY WHICH ARE PAID IN FULL
DURING THE TERM OF THE PLAN**

| Name of Creditor | Last 4 Digits of Account No. | CLAIM TOTAL | SECURED CLAIM AMOUNT | INTEREST RATE | Equal Monthly Payment | NUMBER OF MONTHS | TOTAL PAYMENT |
|---|---|---|---|---|---|---|---|
| Toyota Mtr | xxxxxxxxxxxx0001 | $23,500.00 | $23,500.00 | 5.00 | $443.47 | 60 | $26,608.20 |

This form is mandatory. It has been approved for use in the United States Bankruptcy Court for the Central District of California.

December 2012                                         Page 5                                  F3015-1.01.CHAPTER13.PLAN

## CLASS 4

**OTHER SECURED CLAIMS ON WHICH THE LAST PAYMENT IS DUE AFTER THE DATE ON WHICH THE FINAL PAYMENT UNDER THE PLAN IS DUE**

1. ☐ The postconfirmation monthly payment pursuant to the promissory note will be made by the chapter 13 trustee from the Plan Payment to:

2. ☒ The postconfirmation monthly payment pursuant to the promissory note will be made by the Debtor directly to:

| Gmac Mort. | xxxxx2124 |
|---|---|
| (name of creditor) | (last 4 digits of account number) |
| Real Time Resolutions, Inc. | xxxxxx4126 |
| (name of creditor) | (last 4 digits of account number) |

The Debtor will cure all prepetition arrearages on these claims through the Plan Payment as set forth below.

| | | | Cure of Default | | | |
|---|---|---|---|---|---|---|
| Name of Creditor | Last 4 Digits of Account Number | AMOUNT OF ARREARAGE | INTEREST RATE | MONTHLY PAYMENT | NUMBER OF MONTHS | TOTAL PAYMENT |
| | | | | | | |
| | | | | | | |

## CLASS 5

### NON-PRIORITY UNSECURED CLAIMS

The Debtor estimates that non-priority unsecured claims total the sum of **$325,470.34**.

Class 5 claims will be paid as follows:

(Check one box only.)

☒ Class 5 claims (including allowed unsecured amounts from Class 3) are of one class and will be paid pro rata.

OR

☐ Class 5 claims will be divided into subclasses as shown ~~on the attached exhibit~~ *directly below* (which also shows the justification for the differentiation among the subclasses) and the creditors in each subclass will be paid pro rata.

### III. COMPARISON WITH CHAPTER 7

The value as of the effective date of the Plan of property to be distributed under the Plan on account of each allowed claim is not less than the amount that would be paid on such claim if the estate of the Debtor were liquidated under chapter 7 of the Bankruptcy Code on such date. The amount distributed to nonpriority unsecured creditors in chapter 7 would be $ **0.00** which is estimated to pay **0** % of the scheduled nonpriority unsecured debt.

This form is mandatory. It has been approved for use in the United States Bankruptcy Court for the Central District of California.

December 2012    Page 6    F3015-1.01.CHAPTER13.PLAN

## IV. PLAN ANALYSIS

|  |  |
|---|---:|
| CLASS 1a | $1,500.00 |
| CLASS 1b | $27,717.00 |
| CLASS 1c | $0.00 |
| CLASS 2 | $0.00 |
| CLASS 3 | $26,608.20 |
| CLASS 4 | $0.00 |
| CLASS 5 | $9,629.40 |
| SUB-TOTAL | $65,454.60 |
| CHAPTER 13 TRUSTEE'S FEE (Estimated 10% unless advised otherwise) | $6,545.40 |
| TOTAL PAYMENT | $72,000.00 |

## V. OTHER PROVISIONS

A. The Debtor rejects the following executory contracts and unexpired leases.
   **Name of Other Party:**           **Description of contract/lease:**
   -NONE-

B. The Debtor assumes the executory contracts or unexpired leases set forth in this section. As to each contract or lease assumed, any defaults therein and Debtor's proposal for cure of said default(s) is described in Class 4 of this Plan. The Debtor has a leasehold interest in personal property and will make all post-petition payments directly to the lessor(s):
   **Name of Other Party:**           **Description of contract/lease:**
   -NONE-

C. In addition to the payments specified in Class 2 and Class 4, the Debtor will make regular payments, including any preconfirmation payments, directly to the following:
   **Creditor Name:**                 **Monthly Payment:**
   -NONE-

D. The Debtor hereby surrenders the following personal or real property. (*identify property and creditor to which it is surrendered*):
   **Creditor Name:**                 **Description:**
   -NONE-

E. The Debtor shall incur no debt greater than $500.00 without prior court approval unless the debt is incurred in the ordinary course of business pursuant to 11 U.S.C. §1304(b) or for medical emergencies.

F. Miscellaneous provisions: (*use attachment, if necessary*):

G. The chapter 13 trustee is authorized to disburse funds after the date confirmation is announced in open court.

H. The Debtor will pay timely all postconfirmation tax liabilities directly to the appropriate taxing authorities as they come due.

I. The Debtor will pay all amounts required to be paid under a Domestic Support Obligation that first became payable after the date of the filing of the petition.

This form is mandatory. It has been approved for use in the United States Bankruptcy Court for the Central District of California.

December 2012                         Page 7                         F3015-1.01.CHAPTER13.PLAN

## VI. REVESTING OF PROPERTY

Property of the estate shall not revest in the Debtor until such time as a discharge is granted or the case is dismissed or closed without discharge. Revestment shall be subject to all liens and encumbrances in existence when the case was filed, except those liens avoided by court order or extinguished by operation of law. In the event the case is converted to a case under chapter 7, 11, or 12 of the Bankruptcy Code, the property of the estate shall vest in accordance with applicable law. After confirmation of the Plan, the chapter 13 trustee shall have no further authority or fiduciary duty regarding use, sale, or refinance of property of the estate except to respond to any motion for proposed use, sale, or refinance as required by the LBRs. Prior to any discharge or dismissal, the Debtor must seek approval of the court to purchase, sell, or refinance real property.

Date: July 30, 2013

/s/ Caroline Kim
Caroline Kim 249190
249190
Attorney for Debtor

/s/ Robert Lifson
Robert Lifson
Debtor

/s/ Toni Lee Black
Toni Lee Black
Joint Debtor

This form is mandatory. It has been approved for use in the United States Bankruptcy Court for the Central District of California.

December 2012    Page 8    F3015-1.01.CHAPTER13.PLAN

| Attorney or Party Name, Address, Telephone & FAX Numbers, and California State Bar Number | FOR COURT USE ONLY |
|---|---|
| Caroline Kim<br>Kim Law Goup, P.C.<br>444 West Ocean Blvd. Ste.800<br>Long Beach, CA 90802<br>562-279-7924 Fax: 562-279-7925<br>249190<br>☒ *Attorney for Debtor(s):* | |

| UNITED STATES BANKRUPTCY COURT<br>CENTRAL DISTRICT OF CALIFORNIA | |
|---|---|
| In re:<br><br>Robert Lifson<br>Toni Lee Black<br>                                                                  Debtor(s). | CASE NO.:<br>CHAPTER: **13**<br>ADV. NO.: |

## ELECTRONIC FILING DECLARATION
### (INDIVIDUAL)

**PART I - DECLARATION OF DEBTOR(S) OR OTHER PARTY**

☐ Petition, statement of affairs, schedules or lists        Date Filed: _____
☐ Amendments to the petition, statement of affairs, schedules or lists    Date Filed: _____
☒ Other:  First Amended Ch.13 Plan                          Date Filed: 7/31/2013

I (We), the undersigned Debtor(s) or other party on whose behalf the above-referenced document is being filed (Signing Party), hereby declare under penalty of perjury that: (1) I have read and understand the above-referenced document being filed electronically (Filed Document); (2) the information provided in the Filed Document is true, correct and complete; (3) the "/s/," followed by my name, on the signature line(s) for the Signing Party in the Filed Document serves as my signature and denotes the making of such declarations, requests, statements, verifications and certifications to the same extent and effect as my actual signature on such signature line(s); (4) I have actually signed a true and correct hard copy of the Filed Document in such places and provided the executed hard copy of the Filed Document to my attorney; and (5) I have authorized my attorney to file the electronic version of the Filed Document and this *Declaration* with the United States Bankruptcy Court for the Central District of California. If the Filed Document is a petition, I further declare under penalty of perjury that I have completed and signed a *Statement of Social Security Number(s)* (Form B21) and provided the executed original to my attorney.

_/s/ Robert Lifson_                          Date  7/31/2013
**Signature of Signing Party**
Robert Lifson
*Printed Name of Signing Party*

_/s/ Toni Black_                             Date  7/30/2013
**Signature of Joint Debtor**
Toni Lee Black
*Printed Name of Joint Debtor*

**PART II - DECLARATION OF ATTORNEY FOR SIGNING PARTY**

I, the undersigned Attorney for the Signing Party, hereby declare under penalty of perjury that: (1) the "/s/," followed by my name, on the signature lines for the Attorney for the Signing Party in the Filed Document serves as my signature and denotes the making of such declarations, requests, statements, verifications and certifications to the same extent and effect as my actual signature on such signature lines; (2) the Signing Party signed the *Declaration of Debtor(s) or Other Party* before I electronically submitted the Filed Document for filing with the United States Bankruptcy Court for the Central District of California; (3) I have actually signed a true and correct hard copy of the Filed Document in the locations that are indicated by "/s/," followed by my name, and have obtained the signature(s) of the Signing Party in the locations that are indicated by "/s/," followed by the Signing Party's name, on the true and correct hard copy of the Filed Document; (4) I shall maintain the executed originals of this *Declaration*, the *Declaration of Debtor(s) or Other Party*, and the Filed Document for a period of five years after the closing of the case in which they are filed; and (5) I shall make the executed originals of this *Declaration*, the *Declaration of Debtor(s) or Other Party*, and the Filed Document available for review upon request of the Court or other parties. If the Filed Document is a petition, I further declare under penalty of perjury that: (1) the Signing Party completed and signed the *Statement of Social Security Number(s)* (Form B21); (2) I shall, before I electronically submitted the Filed Document for filing with the United States Bankruptcy Court for the Central District of California; (2) I shall maintain the executed original of the *Statement of Social Security Number(s)* (Form B21) for a period of five years after the closing of the case in which they are filed; and (3) I shall make the executed original of the *Statement of Social Security Number(s)* (Form B21) available for review upon request of the Court.

_/s/ Caroline Kim_                           Date  7/31/2013
**Signature of Attorney for Signing Party**
Caroline Kim 249190
*Printed Name of Attorney for Signing Party*

This form is mandatory by Order of the United States Bankruptcy Court for the Central District of California.

November 2006

Caroline Kim, SBN 249190
Kim Law Group, P.C.
444 W. Ocean Blvd., Suite 800
Long Beach, CA 90802
Phone number (562) 279-7924
Fax number (562) 279-7925

Attorney for Debtors
Robert Lifson and Toni Lee Black

## UNITED STATES BANKRUPTCY COURT

### CENTRAL DISTRICT OF CALIFORNIA

### LOS ANGELES DIVISON

In re:

Robert Lifson and Toni Lee Black

Case No.: **02:13-bk-28666-VZ**

PROOF OF SERVICE REGARDING FIRST AMENDED CHAPTER 13 PLAN

### PROOF OF SERVICE

I am employed in the County of Los Angeles, State of California. I am over the age of 18 and not a party to the within action. My business address 444 West Ocean Blvd., Long Beach, CA 90802.

On 07/31/13    I served the foregoing document described as FIRST AMENDED CHAPTER 13 PLAN.

**SEE ATTACHED**

[x]    To be served by court via notice of electronic filing ("NEF") - Pursuant to controlling General Order(s) and Local Bankruptcy Rule(s) ("LBR"), the foregoing document will be served by the court via NEF and hyperlink to the document. On 07/31/13, I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following person(s) are on the Electronic Mail Notice List to receive NEF transmission at the email addressed indicated below:

1

Chapter 13 Trustee, Nancy Curry: ecfnc@trustee13.com
US Trustee, ustpregion16.la.ecf@usdoj.gov

[x]  by placing [ ] the original [x] a true copy thereof enclosed in a sealed envelope addressed to each addressee as stated on the attached service list

   Executed on at Long Beach, California

[x]  (State) I declare under penalty of perjury under the laws of the State of California that the above is true and correct.

[x]  (Federal)  I declare that I am employed in the office of a member of the bar of this court at whose direction the service was made.

Denise Sanchez

Type or Print Name                               Signature

2

**Service List**

1. Allied Interstate Inc.
PO BOx 361474
Columbus, OH 43236-1474

2. American Home Mtg Srv/Homeward Residenta
Ahmsi / Attention: Bankruptcy
Po Box 631730-1730
Irving, TX 75063

3. Animal Medical Center Of So. CA
2340 S. Sepulveda Blvd.
Los Angeles, CA 90064

4. Asset Acceptance
P.O. Box 2036
Warren, MI 48090

5. Board of Equalization
P.O. Box 942879
Sacramento, CA 94279-0056

6. Cba Collection Bureau
Po Box 5013
Hayward, CA 94540

7. Cbna
1000 Technology Dr.
O Fallon, MO 63368

8. Cedar-Sinai Medical Center
Emergency Dept. Physicians
P.O. Box 51258
Los Angeles, CA 90051

9. Cedar-Sinai Medical Center
1801 W. Olympic Blvd.
Pasadena, CA 91199-1050

10. Cedars-Sinai Lab Services
PO Box 60109
Los Angeles, CA 90060-0109

11. Cedars-Sinai Medical Group
PO Box 4313
Woodland Hills, CA 91365-4313

3

| | |
|---|---|
| 1 | CIR, Law Offices |
| 2 | PO Box 23189 |
|   | San Diego, CA 92193-3189 |
| 3 | |
| 4 | Citibank |
|   | 8485 Wilshire Blvd. |
| 5 | Beverly Hills, CA 90211 |
| 6 | |
|   | Cmre Financial Services Inc |
| 7 | 3075 E Imperial Hwy Ste 200 |
|   | Brea, CA 92821 |
| 8 | |
|   | Designed Receivable So |
| 9 | 1 Centerpointe Dr. Ste. 45 |
| 10 | La Palma, CA 90623 |
| 11 | Ford Motor Credit Corporation |
|   | Ford Motor Credit |
| 12 | Po Box 6275 |
| 13 | Dearborn, MI 48121 |
| 14 | Franchise Tax Board |
|   | PO Box 942867 |
| 15 | Sacramento, CA 94267 |
| 16 | |
|   | GE Money |
| 17 | PO Box 960061 |
|   | Orlando, FL 32896 |
| 18 | |
| 19 | Gecrb/Lowes |
|   | Attn: Bankruptcy |
| 20 | Po Box 103104 |
| 21 | Roswell, GA 30076 |
| 22 | Gemb/care Credit |
|   | PO Box 981439 |
| 23 | El Paso, TX 79998 |
| 24 | |
|   | Gemb/lowes |
| 25 | PO Box 103065 |
|   | Roswell, GA 30076 |
| 26 | |
| 27 | Genesis Financial Services |
|   | Vativ Recovery Solutions, LLC |
| 28 | PO Box 40728 |

4

1. Houston, TX 77240

2. Gmac Mort.
3. 3451 Hammond Ave.
   PO Box 4622
4. Waterloo, IA 50704

5. IRS
   PO Box 21126
6. Philadelphia, PA 19114

7. KCTTC
8. Payment Center
   PO Box 541004
9. Los Angeles, CA 90054-1004

10.
    Kern County Court RD
11. 1655 Chester Ave.
    Bakersfield, CA 93301
12.

13. LVNV Funding LLC
    Resurgent Capital Services
14. P.O. Box 10587
    Greenville, SC 29603
15.

16. MacDowell and Associates, Ltd.
    3636 Birch St., Ste: 290
17. Newport Beach, CA 92660

18.
    North Star Capital Acquisition
19. Jefferson Captial Systems, LLC
    PO Box 7999
20. Saint Cloud, MN 56302

21.
    Phillip W. Gillet, Jr.
22. 1705 27th Street
    Bakersfield, CA 93301
23.

    Pine Mountain Family Dental
24. 16233 Pine Valley Lane, Ste. 203
25. Pine Mountain Club, CA 93222

26. Portfolio Recovery Assoc
    PO Box 41067
27. Norfolk, VA 23541

28.

Quest Diagnostics
PO Box 78874
Phoenix, AZ 85062-8874

Real Time Resolutions, Inc.
P.O. Box 35888
Dallas, TX 75235-1655

Revenue Sys
2196 Main St
Dunedin, FL 34698

SKO Brenner American
PO Box 230
Farmingdale, NY 11735

Sprint Nextel
PO Box 7949
Overland Park, KS 66207

Toyota Mtr
Toyota Financial Services
Po Box 8026
Cedar Rapids, IA 52408

Trojan Professional Se
4410 Cerritos Ave
Los Alamitos, CA 90720

United States Attorney
2500 Tulare St. Ste. 4401
Fresno, CA 93721

United States Department of Justice
Civil Trial Section, Western Region
Box 683, Ben Franklin Station
Washington, DC 20044

Van Nuys Municipal
144400 Erwin St. Mai
Van Nuys, CA 91401

Vision Financial Corp
PO Box 900
Purchase, NY 10577-0900

6